IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**UNITED STATES OF AMERICA**      **Plaintiff**

v.      **Criminal No. 1:16-cr-10004**

**MICHAEL MATHIS**      **Defendant**

**REPORT AND RECOMMENDATION**

**BEFORE** the Court is the Motion to Order Refund (of attorney's fees) (ECF No. 45), filed herein by the Defendant. This Motion was referred to the undersigned by United States District Judge Harry F. Barnes. ECF No. 77. Defendant's prior counsel, Mr. Floyd Mattison Thomas, III, as filed a response under seal as directed by the Court. ECF No. 80. For the reasons stated below, the Motion to Order Refund (of attorney's fees) (ECF No. 45) should be **DENIED**.

1. **Procedural Background:**

Defendant was charged by indictment with possession with intent to distribute cocaine base on January 27, 2016. ECF No. 1. His initial appearance was held on February 11, 2016. Defendant has been represented by several attorneys during the course of this case. At issue in the pending Motion is Defendant's representation by Mr. Thomas in this case. Mr. Thomas was retained by Defendant and allowed to appear in this case on September 29, 2016. ECF Nos. 37 and 39.

On December 13, 2016, Mr. Thomas moved to withdraw as counsel of record for Defendant. ECF No. 40. In the Motion to Withdraw, Mr. Thomas made the following assertions to the Court: a) a conflict had arisen between Defendant and counsel which had become "irreparable;" b) there were no unused portions of the retainer paid to Counsel to return to the Defendant; and c) no prejudice would result to Defendant if the Motion to Withdraw as granted. ECF No. 40. Defendant did not object to this Motion; and on December 29, 2016, the Court granted the Motion to Withdraw. ECF No. 41. New counsel was appointed to represent Defendant on the same day. ECF No. 42.

**2. Instant Motion:**

On April 24, 2017, Defendant filed the instant *pro se* Motion to Order Refund (of attorney's fees). ECF No. 45. With this Motion, Defendant alleges Mr. Thomas refused to investigate his case or prepare Defendant for trial. He further alleges Mr. Thomas "attempted several times to force the defendant to sign a plea of guilty." Defendant also alleges Mr. Thomas "conspired with the U.S. Marshals service and U.S. District Attorney, and had the defendant placed in 23 hour lock down" following Defendant's refusal to sign a plea agreement. Following a subsequent meeting between the Defendant and Mr. Thomas, Defendant states he demanded a refund of the retainer he had paid and that Mr. Thomas refused to give him a refund. Defendant requests a refund of $2,500.00 of the retainer he says was paid to Mr. Thomas.

Mr. Thomas has filed his Response to the Motion under seal as ordered by the Court. ECF No. 80.[1] Mr. Thomas admits he contracted to provide representation to the Defendant in this matter. He denies any allegation of wrongful or unethical conduct in that representation. ECF No. 80 ¶ 5.

Other than Defendant claiming entitlement to a $2,500.00 refund, no specifics of the contract between Defendant and Mr. Thomas were given in either the Motion or the Response. The Court ordered a hearing on this matter on February 27, 2018. ECF No. 84. The United States waived appearance as this hearing as it has no interest in the dispute. Mr. Thomas also waived appearance and indicated to the Court he would rely on the Response filed. Plaintiff appeared at the hearing and indicated he had already filed a complaint regarding Mr. Thomas's representation with the Arkansas Supreme Court's Committee on Professional Conduct.

---

[1] The Response from Mr. Thomas was ordered filed under seal to prevent any possibility of privileged information being made public. This Response remains under seal and a copy was provided to Defendant and his current counsel in this matter on February 27, 2018, by the Court. The Court will recite no specifics here.

**3. Discussion:**

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. There is a presumption against federal jurisdiction, and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. As discussed below, the relief sought by Defendant is not properly before this Court in the current case.

**a. Diversity Jurisdiction**:

The instant case is one alleging violation of federal criminal law. The claim made by Defendant for return of attorney's fees is, necessarily, a contract claim. The Federal Courts may hear a private claim for breach of contract only if it has jurisdiction. In this instance, the only possible jurisdiction for Defendant's claim is diversity of citizenship. Here, both Defendant and Mr. Thomas are residents of Arkansas. Further, the amount in controversy, $2,500.00, is not sufficient pursuant to 28 U.S.C. § 1332. This Court lacks jurisdiction over this contract claim.

**b. Ancillary Jurisdiction**:

Some Courts have held that a Federal Criminal Court may exercise "ancillary jurisdiction" in a case where attorney's fees paid to former counsel are at issue. *See Garcia v.. Teitler*, 443 F.3d 202, 208 (2d Cir.2006). There do not appear to be any Eighth Circuit decisions approving the use of ancillary jurisdiction in this fashion. The Supreme Court has instructed that ancillary jurisdiction may be exercised "for two separate, though sometimes related, purposes: (1) to permit disposition of claims that are, in varying respects and degrees, factually interdependent by a single court, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,

379 (1994) (noting that "[t]he doctrine of ancillary jurisdiction can hardly be criticized for being overly rigid or precise"). Neither of the reasons set out in *Kokkonen* are applicable in this case, and the Court should decline to exercise ancillary jurisdiction as this matter is one of Arkansas state contract law and should be properly determined in state court.

    **c. Claim of Professional Misconduct**:

To the extent Defendant makes any claim of professional misconduct, he has already filed a complaint before the Arkansas Supreme Court's Committee on Professional Conduct. That body is the appropriate place for such claim to be considered.

This Court lack diversity jurisdiction and should decline to exercise ancillary jurisdiction to consider the claims made in the Motion to Order Refund.

    **4. Conclusion:**

Accordingly, based on the foregoing, the Court recommends the instant Motion to Order Refund (of attorney's fees) (ECF No. 45) be **DENIED** without prejudice to refiling in the proper forum.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **SO ORDERED** this **28th day of February 2018.**

                                                           /s/ Barry A. Bryant  
                                                          HON. BARRY A. BRYANT  
                                                          U.S. MAGISTRATE JUDGE